DIAL REALTY, INC., A CORPORATION, APPELLEE, V. CUDAHY COMPANY, A CORPORATION, APPELLANT.

254 N. W. 2d 421

Filed June 8, 1977. No. 41055.

Michael E. Loomis of Morsman, Fike, Davis & Polack, for appellant.

Mark L. Laughlin of Zweiback & Laughlin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

This is an action brought by plaintiff, Dial Realty, Inc., against the defendant, Cudahy Company, to recover a commission allegedly due the plaintiff under the terms of an exclusive real estate listing agreement.

Prior to trial the plaintiff filed a motion for summary judgment. A hearing was held on the plaintiff's motion, at which defendant confessed on the issue of liability. Defendant thereafter filed a motion for partial summary judgment which was overruled. A jury trial was waived and the case tried to the court. On July 20, 1976, the District Court entered its order finding for the plaintiff and against the defendant and awarding the plaintiff a judgment against the defendant in the amount of $15,750 and costs. The defendant appeals. We affirm the judgment of the District Court.

The basic facts in this case are not disputed. The defendant was the owner of an abandoned office building in Omaha, Nebraska. On May 27, 1974, the

defendant entered into an exclusive real estate listing agreement listing this property with the plaintiff. The agreement covered the period of May 27, 1974, through November 27, 1974. Under the terms of the agreement, Cudahy agreed to pay the plaintiff a commission of 7 percent of the gross sale price.

On September 30, 1974, Cudahy conveyed the subject real estate to the Goldfield Corporation. The record shows that this was done pursuant to and as part of a settlement of certain litigation involving the Goldfield Corporation, General Host Corporation, and various third parties. The defendant is the wholly owned subsidiary of General Host Corporation, and the conveyance of the property by the defendant was done at the direction of General Host's corporate counsel.

The plaintiff contends that under the terms of the listing agreement it is entitled to the stated commission, because the conveyance of the subject real estate by the defendant to the Goldfield Corporation was a "sale" within the terms of the agreement. The defendant contends in this court that this conveyance was not a "sale"; that the plaintiff is not entitled to a commission; and that the District Court erred in awarding the plaintiff damages in the sum of $15,570.

The defendant confessed plaintiff's motion for summary judgment as to the issue of liability at the hearing thereon. The defendant is thus now foreclosed from disputing its liability to the plaintiff under the listing agreement having previously admitted to it.

However, even if the defendant had not admitted its liability, under the plain and unambiguous terms of the listing agreement, the defendant was clearly liable to the plaintiff. By the following terms of the listing agreement, the defendant obligated itself to pay the plaintiff the stated commission: "If a sale is made, or a purchaser found, who is ready, willing

and able to purchase the property before the expiration of this listing, by you, myself, or any other person, at the above price and terms or for any other price and terms I may agree to accept, or if this agreement is revoked or violated by me * * *.''

The term "sale" ordinarily means a transmutation of property from one man to another in consideration of some price or recompense in value. Helvering v. Nebraska Bridge Supply & Lumber, 115 F. 2d 288 (8th Cir., 1940). "A sale of land, or of an interest therein, may be defined as a transmutation of such property from one person to another in consideration of a sum of money, or in consideration of some price or recompense in value." 91 C. J. S., Vendor & Purchaser, § 1c, p. 828.

Both the essential elements of a sale were present in this transaction. There was a conveyance of the subject real estate from the defendant to the Goldfield Corporation. A consideration was received in return. The Goldfield Corporation relinquished various claims it had against the defendant's parent corporation, General Host. The District Court specifically found that for the purposes of this action the interests of the defendant Cudahy and its parent, General Host, were one and the same and that a benefit to General Host was a benefit to the defendant. "In a law action tried to the court without a jury, the findings of the court have the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong." Katleman v. U. S. Communities, Inc., 197 Neb. 443, 249 N. W. 2d 898 (1977). There was sufficient evidence to support this determination by the District Court.

There being a sale of the subject real estate by the defendant during the period in which the listing agreement was in effect, plaintiff thus became entitled to its commission. The agreed commission was 7 percent of the "gross sale price." Under these circumstances, the value of what was received

in return for the building, the relinquishment by the Goldfield Corporation of various claims against General Host, would constitute the "gross sale price" from which to figure the commission.

Where there is an arm's length exchange of properties, and one of the properties lacks a readily ascertainable value, it is presumed that the properties exchanged are equal in value. This approach is exemplified in United States v. Davis, 370 U. S. 65, 82 S. Ct. 1190, 8 L. Ed. 2d 335 (1962), a case which involved the conveyance of property to a wife in return for a relinquishment of her marital rights. There the court stated: "Absent a readily ascertainable value it is accepted practice where property is exchanged to hold, as did the Court of Claims in Philadelphia Park Amusement Co. v. United States, 126 F. Supp. 184, 189, 130 Ct. Cl. 166, 172, (1954), that the values 'of the two properties exchanged in an arms-length transaction are either equal in fact, or are presumed to be equal * * *.' "

The District Court found the value of the Cudahy building at the time of its transfer, and thus the value of the claims relinquished by the Goldfield Corporation, the "gross sale price," to be $225,000 and computed the plaintiff's commission to be $15,750, which is 7 percent of $225,000.

Prior to relinquishment of its claims against General Host, the Goldfield Corporation obtained an appraisal of the defendant's property. According to this appraisal, the value of the defendant's property as of September 20, 1974, was $225,000. Daniel B. Kinnamon, attorney for the Goldfield Corporation, and its agent handling the transfer of this property, testified that he prepared the real estate transfer statement listing the total consideration as $225,000 and paid the documentary stamp tax based on that amount. The Goldfield Corporation was given credit by the defendant for $247.50, the amount of the Nebraska transfer tax, based on a total considera-

tion of $225,000. Mr. Kinnamon testified that he obtained title insurance in the amount of $225,000 for the property. The defendant agreed to pay the premium for this insurance. Introduced into evidence was an owner's lien certificate signed by the defendant's vice president, the purpose of which was to induce the Fidelity National Title Insurance Company to issue title insurance to the Goldfield Corporation in the amount of $225,000. The defendant offered another appraisal of the property which gave it a value of $76,000 as of September 20, 1974. The property was carried by the defendant on its books at $50,000.

There was ample evidence to support the District Court's determination of the amount of the commission due the plaintiff.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.